[716 NYS2d 551]

In the Matter of LAWRENCE M. SANDS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 1, 2000

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Lawrence M. Sands, was admitted to the

practice of law in the State of New York by the First Judicial Department on July 7, 1986.

Respondent submits his resignation in reply to the motion by the Departmental Disciplinary Committee seeking his immediate suspension from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) for willful failure to cooperate with the Committee's investigation.

Respondent admits to acts of professional misconduct and tenders his resignation in the context of a disciplinary investigation into a complaint. Respondent acknowledges that he permitted overdrafts to occur in his escrow account and that he failed to provide escrow bank records to the complainant or to the Committee.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.11, accepting respondent's resignation and striking his name from the roll of attorneys. Committee staff states that the affidavit conforms to the requirements set forth in that provision.

A review of the affidavit of resignation submitted by respondent indicates that it fully complies with the requirements of section 603.11 of this Court's Rules governing the conduct of attorneys. Respondent acknowledges that he is the subject of a pending disciplinary proceeding into allegations that he is guilty of misconduct involving overdrafts in his escrow account and failure to provide records pertaining thereto. Respondent asserts that if charges were brought against him based upon these allegations, he could not successfully defend himself on the merits; that his resignation is freely and voluntarily rendered; that he has not been subjected to coercion or duress; and that he is fully aware of the implications of submitting his resignation.

Accordingly, the motion should be granted, respondent's resignation accepted and respondent's name stricken from the roll, effective retroactively to May 15, 2000.

WILLIAMS, J. P., LERNER, RUBIN, SAXE and BUCKLEY, JJ., concur.

Respondent's resignation accepted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective retroactively to May 15, 2000.